UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

Peter Martin,                  No. 1:21-cv-00355-SAG

      Plaintiff,

   v.

Carnival Corporation t/a Carnival Cruise Lines,

      Defendant.

---

**DEFENDANT CARNIVAL CORPORATION'S
MOTION FOR DISMISSAL AND MEMORANDUM IN SUPPORT**

---

Defendant Carnival Corporation moves this Court for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**Issues**

1. "[T]hat the defendant has used an automatic telephone dialing system" is "[a]n essential element" of a claim under 47 U.S.C. § 227(b)(1)(A) for calls to a cellular telephone. The amended complaint contains no such allegation. Does the amended complaint state a claim under 47 U.S.C. § 227(b)(1)(A) for calls to a cellular telephone?

2. A regulation adopted under the Telephone Consumer Protection Act prohibits "telephone solicitations" to "a residential telephone subscriber." The amended complaint alleges neither a "telephone solicitation" nor a call to a residential line. Does the amended complaint state a claim for violating the regulation?

1

**Facts**

On a motion for dismissal under Rule 12(b), the court "must assume the truth of the material facts as alleged in the complaint." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)); *accord Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002) ("In considering such a motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.'" (quoting *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993))). But the court "need not accept the legal conclusions drawn from the facts." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 776 (4th Cir. 2013) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). Likewise, the court may disregard "a bare legal conclusion," *Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003) ("[Plaintiff's] argument is without merit because the allegation upon which it rests is a bare legal conclusion which neither the district court nor this court is required to take as true for purposes of considering whether a complaint should survive a rule 12(b)(6) motion." (citing *E. Shore Mkts.*, 213 F.3d at 180)); *accord Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991), or "unwarranted inferences, unreasonable conclusions, or arguments," even when pleaded as factual averments. *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Mkts.*, 213 F.3d at 180 (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990 & Supp. 1998))).

**Legal Standard**

To survive a motion for dismissal for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Twombly*, 550 U.S. at 555–56. A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," then dismissal is mandatory. *Twombly*, 550 U.S. at 570.

A court need not "resolve unclear questions of law . . . in favor of the plaintiff." *Kansa Reins. Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Bane v. Ferguson*, 890 F.2d 11, 13 (7th Cir. 1989). Moreover, a court on a motion for dismissal need not "ignore any facts set forth in the complaint that undermine the plaintiff's claim," *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989) (citing *Gray v. Cnty. of Dane*, 854 F.2d 179, 182 (7th Cir. 1988)), and may take into account a defense that appears from the complaint itself, *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground").

**Argument**

Mr. Martin's amended complaint does not identify any specific prohibition in the Telephone Consumer Protection Act that Carnival allegedly violated. The amended complaint's

3

substantive factual allegations, in the part headed "Facts Common to All Counts," consist of a single sentence: "Peter Martin's cellular phone number is on the National Do Not Call Registry." (Am. Compl. [ECF Doc. 2], ¶ 7 at 2.) The remainder of the pleading consists of six numbered counts, each of which claims that Carnival "violated 47 U.S.C. § 227 by calling Plaintiff, Peter Martin, at telephone number 1-954-205-7716 . . . without Mr. Martin's consent." (*Id.*, cts. 1–6, ¶¶ 8–13 at 2–4.)

The statute whose violation the amended complaint alleges, 47 U.S.C. § 227, is a lengthy and detailed statute — 6,424 words — with two distinct provisions that authorize a private right of action. Subsection 227(b) enacts four types of "restrictions on use of automated telephone equipment," 47 U.S.C. § 227(b)(1)(A)–(D), and provides for a private right of action "based on a violation of this subsection or the regulations prescribed under this subsection." 47 U.S.C. § 227(b)(3) (private right of action). Subsection 227(c) provides for "protection of subscriber privacy rights," and provides for a private right of action by "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (private right of action).

The amended complaint's allegations that Carnival was calling Mr. Martin's "cellular phone number," "without his consent," suggest a claim under 47 U.S.C. § 227(b). But the allegation that Mr. Martin's "cellular phone number is on the National Do Not Call Registry" suggests a claim under 47 U.S.C. § 227(c). While it is unclear which claim the amended complaint was trying for, it fails to state a claim under either subsection (b) or subsection (c).

I. **The amended complaint fails to state a claim under 47 U.S.C. § 227(b)(1)(A) because it does not allege that Carnival used "any automatic telephone dialing system or an artificial or prerecorded voice."**

The amended complaint's allegations that Carnival was calling Mr. Martin's "cellular phone number," "without his consent," suggests a claim under 47 U.S.C. § 227(b). That subsection's restriction on calls to cellular-telephone numbers provides that

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> . . .
> (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii). Thus, a call that is made without "using any automatic telephone dialing system or an artificial or prerecorded voice" does not violate the Act, nor does "a call . . . made with the prior express consent of the called party."

The elements of a claim under 47 U.S.C. § 227(b)(1)(A)(iii) are that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)); *accord Ginwright v. Exeter Fin. Corp.*, 280 F. Supp. 3d 674, 680 (D. Md. 2017) (citing *L.A. Lakers*). "[T]hat the defendant has used an automatic telephone dialing system" is "[a]n essential element" of a claim under section 227(b)(1)(A) for calls to a cellular telephone. *Drake v. Synchrony Bank*, No. 19-cv-2134-CCB, 2019 U.S. Dist. LEXIS 180322, at *1 (D. Md. Oct. 17, 2019).

The amended complaint nowhere alleges that the subject calls were made using "any automatic telephone dialing system or an artificial or prerecorded voice." The amended complaint therefore fails to state a claim under 47 U.S.C. § 227(b)(1)(A).

II.  **The amended complaint fails to state a claim under 47 U.S.C. § 227(c)(5) because it does not allege calls to a residential line, or that the calls were solicitations.**

The amended complaint's allegation that Mr. Martin's "cellular phone number is on the National Do Not Call Registry" suggests a claim under 47 U.S.C. § 227(c). Subsection 227(c) provides for "protection of subscriber privacy rights," and provides for a private right of action by "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection," 47 U.S.C. § 227(c)(5) (private right of action).

The Federal Communications Commission, pursuant to its regulatory authority under the Telephone Consumer Protection Act, has adopted a regulation that "[n]o person or entity shall initiate any telephone solicitation to: . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). The regulation covers only "telephone solicitations" to "a residential telephone subscriber," but the amended complaint alleges neither a "telephone solicitation" nor a call to a residential line.

The amended complaint's allegation of calls to Mr. Martin's "cellular phone number" takes him out of the regulations' scope. The Telephone Consumer Protection Act and its implementing regulations generally distinguish calls to mobile telephones from calls to residential

6

lines. *Bates v. I.C. Sys., Inc.*, No. 09-cv-103A, 2009 U.S. Dist. LEXIS 96488, at *3 (W.D.N.Y. Oct. 19, 2009) ("the TCPA differentiates between calls made to cellular and residential lines"); *see Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) ("the telephone number in question here, is a cell-phone number"). Some courts have held that a cellular telephone cannot be a residential line for section 227(c)'s purposes. *See, e.g.*, *Cunningham v. Politi*, No. 4:18-cv-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102447, at *10–13 (E.D. Tex. Apr. 30, 2019); *see also Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 356, 362 n. 7 (E.D. Pa. 2019) ("The Court, therefore, is not convinced that Congress and the FCC, through the TCPA and its regulations, intended to protect 'cellular telephone subscribers' along with 'residential telephone subscribers.'"). Other courts have interpreted "residential telephone subscriber" more leniently — but even those courts have held that a plaintiff claiming that his cellular telephone was also used as his residential line must "plead facts showing the cell phone is used for residential purposes." *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-cv-02629, 2017 U.S. Dist. LEXIS 136951, at *7 (M.D. Tenn. July 27, 2017); *see also Strange v. Doe*, No. 19-cv-1096, 2020 U.S. Dist. LEXIS 84761, at *7–10 (W.D. La. May 12, 2020); *Hicks v. Alarm.com Inc.*, No. 1:20-cv-532, 2020 U.S. Dist. LEXIS 157433, at *12 (E.D. Va. Aug. 6, 2020); *Lee v. LoanDepot.com, LLC*, No. 14-cv-01084-EFM, 2016 U.S. Dist. LEXIS 110100, at *18 (D. Kan. Aug. 17, 2016). The amended complaint contains no allegation from which this Court can conclude that any call was made to his residential line.

The amended complaint also fails to state a claim under 47 U.S.C. § 227(c)(5) because it does not allege that the subject calls were solicitations. The complaint alleges only that Carnival "conducted unsolicited communications." (Am. Compl. [ECF Doc. 2], ¶ 6 at 2.) But what the

7

regulation prohibits is "telephone solicitations," which is a narrower category than "unsolicited communications." The statute defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . ." 47 U.S.C. § 227(a)(4) (defining "telephone solicitation"). An "unsolicited communication" does not necessarily qualify as a "telephone solicitation," and thus does not necessarily violate the regulation.

Because it does not allege calls to a residential line, or that the calls were solicitations, the amended complaint fails to state a claim under 47 U.S.C. § 227(c)(5).

### III. The Telephone Consumer Protection act does not allow recovery of punitive damages or attorney's fees.

Each count in the amended complaint seeks "the amount of $1,500.00 in compensatory damage and $150,000.00 in punitive damages, plus attorney's fees and post judgment interest on the amounts until paid in full." (Am. Compl. [ECF Doc. 2], cts. 1–6, ¶¶ 8–13 at 2–4.)

Both provisions creating a private right of action under the Telephone Consumer Protection Act allow a prevailing plaintiff "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater," and provide that "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount" otherwise available. 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5). The Act does not allow recovery of punitive damages, nor does it allow recovery of attorney's fees.

This Court should dismiss the amended complaint outright for failure to state a claim, and the inquiry ought to end there. But to the extent that the Court stops short of outright dismissal, then it ought to dismiss the claims for relief — such as punitive damages and attorney's fees — that is unavailable under the statute.

**Conclusion**

The amended complaint fails to state a claim under 47 U.S.C. § 227(b)(1)(A) because it does not allege that Carnival used "any automatic telephone dialing system or an artificial or prerecorded voice." The amended complaint fails to state a claim under 47 U.S.C. § 227(c)(5) because it does not allege calls to a residential line, or that the calls were solicitations.

Therefore, Carnival respectfully seeks a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To the extent that the Court stops short of outright dismissal, then it ought to dismiss the claims for relief — such as punitive damages and attorney's fees — that is unavailable under the statute.

April 27, 2021.

BARNES & THORNBURG LLP

/s/ Audrey Gariepy-Bogui
Audrey Gariepy-Bogui, Bar. No. 20751
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006-4623
Ph. 202.831.6719
Fax 202.289.1330
agariepy@btlaw.com

in association with

                        Brian Melendez, Minn. License No. 0223633
                           (admitted pro hac vice)
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorneys for Defendant
    Carnival Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2021, a copy of the foregoing *Defendant Carnival Corporation's Motion for Dismissal and Memorandum in Support* was filed with the Clerk of Court using the CM/ECF system, which sends electronic notification of such filing to all counsel of record:

Francis X. Borgerding, Jr.
409 Washington Ave, Suite 600
Towson, MD 21204
borgerdinglaw@aol.com
*Counsel for Plaintiff*

                                                          *By:*   /s/ Audrey Gariepy-Bogui
                                                              Audrey Gariepy-Bogui
                                                              (Bar # 20751)