UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
MDD_SAGchambers@mdd.uscourts.gov

May 18, 2021

LETTER MEMORANDUM

Re:  Martin v. Carnival Corporation;
     Civil Case No. SAG-21-355

Dear Counsel:

On February 12, 2021, Plaintiff Peter Martin filed an Amended Complaint against Defendant Carnival Corporation, alleging violations of the Telephone Consumer Protection Act ("TCPA"). Defendant has filed a motion to dismiss the various counts of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 14. Though represented by counsel, Plaintiff did not oppose the motion to dismiss, and his time to do so has now expired. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons described herein, Defendant's motion will be granted.

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92. Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'. . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

<u>Martin v. Carnival Corporation</u>
Civil Case No. SAG-21-355
May 18, 2021
Page 2

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

In this case, Plaintiff's Amended Complaint contains almost no factual allegations. It alleges that "Peter Martin's cellular phone number is on the National Do Not Call Registry." ECF 2 ¶ 7. It then goes on to allege six dates and times in which Defendant called Plaintiff at a particular telephone number without obtaining his consent. *Id.* ¶¶ 8-13. Five of those telephone numbers are the same (1-934-205-7716) and one is different (1-954-205-7716), although the discrepancy might just be a typographical error. *See id.* The Amended Complaint does not even allege that either of the two cited numbers is the cellular phone number on the National Do Not Call Registry. The Amended Complaint is simply devoid of any facts that might show that Plaintiff is entitled to relief under the TCPA, such as an allegation that Defendant used an automated telephone dialing system or called a residential number. Simply stating that Defendant called two numbers, without *any* other information about those numbers or how the calls were made, does not state a claim upon which relief can be granted. As pleaded, then, the Amended Complaint does not provide Defendant fair notice of Plaintiff's claim or suggest a cognizable cause of action. A separate order will be issued granting Defendant's motion, ECF 14, dismissing Plaintiff's Amended Complaint without prejudice, and closing this case.

                                      Sincerely yours,

                                      /s/

                                      Stephanie A. Gallagher
                                      United States District Judge